UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DARRELL J. WOODS, SR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:23-CV-99 SNLJ |
| BILL LOFLIN, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented plaintiff Darrell Woods, Sr., an inmate at Southeast Correctional Center ("SECC"), for leave to commence this civil action without payment of the required filing fee. [ECF No. 2]. While incarcerated, plaintiff has brought at least three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed in forma pauperis and dismiss plaintiff's complaint without prejudice. Plaintiff's motion for injunctive relief will also be denied.

**The Complaint**

On June 7, 2023, self-represented plaintiff Darrell J. Woods, Sr., filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff brings this action against seven (7) defendants employed at SECC: Billy Loflin (Correctional Officer); Unknown Womack (Correctional Officer); Unknown Flint (Correctional Officer); Lorene Armstrong (Functional Unit Manager); Charles Reavis (Caseworker); T. Davis (Caseworker); and Bryan Hoskins (Correctional Officer). He alleges claims of excessive force, failure to intervene, conspiracy, retaliation, and conspiracy in violation of his First, Eighth and Fourteenth Amendment

rights. He also asserts Missouri state law tort claims of harassment and intentional infliction of emotional distress. Plaintiff sues defendants in both their individual and official capacities.

Plaintiff's thirty-three (33) page complaint makes a series of conclusory allegations. Plaintiff's complaint discusses discrete acts that allegedly occurred to him prior to the filing of this case in June of 2023. He has not provided factual information showing that he was under imminent danger at the time of the filing of the complaint.

For example, plaintiff complains of an alleged excessive force incident that purportedly occurred when defendants Loflin and Flint supposedly bent his arms back to place his arms in cuffs in March of 2023 to move him to a suicide cell. Plaintiff claims that Loflin allegedly pushed plaintiff into the suicide cell when they got there, whereupon plaintiff slipped over the toilet, and defendants Womack and/or Flint failed to catch him/tangled his legs, which caused plaintiff to hit his head on the concrete and necessitated the need for medical glue on his chin to close a wound.[1] Plaintiff not only alleges excessive force in violation of the Eighth Amendment as a result of this incident, but also failure to intervene.

Plaintiff states that defendants then held him down, even though he claims he was "not resisting," in order to cut his clothes off of him for his safety, and he was later given a conduct violation by Loflin, which plaintiff believes was retaliatory, in violation of the First Amendment. Plaintiff does not indicate what he was given a conduct violation for. However, he claims that Loflin gave him the conduct violation in anticipation because he had verbally expressed to Loflin that he would be filing an Institutional Resolution Request (IRR) against him at some point in the future.

---

[1] Plaintiff also refers to this incident as "sexual abuse," because defendants Lofin and Womack made contact with plaintiff's thigh during the fall and subsequently had to remove plaintiff's clothing to place him in a suicide cell.

2

Plaintiff states that defendant Lorene Armstrong "completely failed to address" the March incident at plaintiff's Administrative Segregation hearing on April 20, 2023. He believes she violated his Equal Protection rights, as well as engaged in a conspiracy against him. The Court assumes plaintiff believes that Armstrong was engaged in a conspiracy with defendant Loflin to uphold his conduct violation, as plaintiff states that when he demanded a transfer, Armstrong attempted to justify the March 24th attack" and "failed to submit plaintiff's emergency transfer papers." Plaintiff does not indicate why he asked for a transfer from defendant Armstrong, or what made him believe he should be transferred from SECC. Plaintiff has not included a failure to transfer claim in his complaint.

Plaintiff complains about the prison's internal grievance procedures as well, asserting that Armstrong failed to timely respond to his IRR, and that defendant Reavis and Davis failed to provide him with a grievance to address the March 24th incident when his IRR had not yet been responded to by the Missouri Department of Corrections (MDOC).

Plaintiff asserts that defendant Hoskins conspired with defendant Armstrong for the purposes of writing him up for a conduct violation on or about May 19, 2023. He claims Hoskins was going to place a soda can that had been run over by a lawnmower in "plaintiff's recreation cage" so that he would get in trouble. Plaintiff claims that in order to thwart Hoskins' plan, he concealed the soda can in his religious diet trash, so that he could not be written up.

Last, plaintiff tries to tie the instant case in with claims he made in *Woods v. Fluharty*, No. 1:22-CV-175 ACL (E.D. Mo). Plaintiff states the following:

> In his complaint ("Woods v. Fluharty"), plaintiff wrote defendant John-Doe Womack called plaintiff a snitch in front of seventy other offenders and C.O.II Jesse Sites threatened to have plaintiff attacked by other offenders. (Woods v. Fluharty at 33 and 34). On three separate occasions plaintiff had three different fights with three different offenders who were attacking plaintiff for prison guards. (Woods v. Fluharty at 35). Defendant David Worley issued plaintiff a C.D.V. for not accepting

3

an enemy for a cellmate. (Woods v. Fluharty at 37). This complaint ("Woods v. Loflin") indicates that John-Doe Womack was a participant in prison guards having attacked plaintiff while he was in wrist and leg restraints. (Woods v. Loflin at 5 and 6).

[ECF No. 1, p.20].

For relief, plaintiff requests an injunction, as well as damages in an amount of "$64,000" for compensatory damages and $64,000 for punitive damages.

## Discussion

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. Plaintiff has had more than three previous cases dismissed on the basis of frivolity or failure to state a claim. As such, his instant motion to proceed in forma pauperis will be denied and his case will be dismissed without prejudice to refiling as a fully paid complaint.

### A.  Three Strikes Rule

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain in forma pauperis status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time that he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). Prisoners who have had three previous civil lawsuits or appeals dismissed as

4

frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

**B.  Plaintiff's Previous "Strikes"**

Review of this Court's files reveal that plaintiff, a prisoner, has accumulated more than three strikes by filing at least three previous cases that were dismissed as frivolous or malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Woods v. Doe*, No. 6:19-cv-3091-BP (W.D. Mo. Feb. 28, 2019) (dismissed May 21, 2019 for failure to state a claim), *aff'd*, No. 19-2100 (8th Cir. Sept. 27, 2019); *Woods v. Boeckman*, No. 2:16-cv-4037-NKL (W.D. Mo. Jan. 22, 2016) (dismissed Apr. 28, 2016 for failure to state a claim); *Woods v. Todd*, No. 2:17-cv-4117-NKL (W.D. Mo. June 30, 2017) (dismissed Oct. 18, 2017 on initial screening).[2]

As a result of plaintiff's previous filings and dismissals, this Court is unable to permit plaintiff to proceed in forma pauperis in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). An otherwise ineligible prisoner must be in imminent danger at the time of filing the complaint; allegations of past imminent danger are insufficient to trigger the exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

After carefully reviewing the instant complaint, the Court finds his allegations do not demonstrate he is in imminent danger of serious physical injury. Plaintiff asserts that he was subjected to excessive force in March of 2023, as well as failure to intervene, in violation of the Eighth Amendment. He additionally asserts that the guard who subjected him to excessive force

---

[2] A review of Pacer, the U.S. Court's online docketing system, reveals that plaintiff has already had multiple cases dismissed under the three strikes rule. *See Woods v. Fuwell*, No. 1:21-cv-103-SNLJ (E.D. Mo. dismissed Sept. 29, 2021); *Woods v. Eckenrode*, No. 6:21-cv-3077-BCW (W.D. Mo. dismissed Mar. 25, 2021), *aff'd*, No. 21-1905 (8th Cir. Aug. 11, 2021); *Woods v. Fulghum*, No. 6:20-cv-3391-BP (W.D. Mo. dismissed Dec. 11, 2020); *Woods v. Fluharty*, No. 1:22-CV-175 ACL (E.D. Mo. Dismissed Feb. 3, 2023), *aff'd*, No. 23-1340 (8th Cir. Apr. 24, 2023).

gave him an anticipatory conduct violation immediately after this, which he believes to be retaliation under the First Amendment, regarding the alleged incident. Plaintiff alleges that his Functional Unit Manager denied him Equal Protection Rights under the Fourteenth Amendment in April of 2023, when she denied his request for transfer to another prison, and that she acted in a conspiracy with the guard who wrote him up and abused him, when she upheld the conduct violation against him. Additionally, he believes that defendants Reavis, Davis and Armstrong violated his constitutional rights when they failed to properly follow the MDOC grievance procedures between April and May of 2023. Plaintiff also believes defendant Hoskins and Armstrong conspired against him when Hoskins tried to set him up for a conduct violation in May of 2023. And last, plaintiff claims that there is evidence of his prior claims in a 2022 lawsuit he brought before this Court, where he asserted that the guards were in a conspiracy against him, because defendant Womack allegedly committed excessive force against him in March of 2023 when she was placing him in the suicide cell. Plaintiff's allegations involve claims that relate to incidents that occurred prior to the filing of the instant lawsuit, and there is nothing in his claims that indicate he was under imminent danger at the time of filing.

Although plaintiff has stated a laundry list of claims in this case, there is no evidence presented to show that he is in danger of being attacked in the future, other than pure speculation. Courts may deny in forma pauperis and find no imminent danger if the claims of imminent danger are conclusory. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330-331 (9th Cir. 2003) (citing *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (conclusory assertions of ongoing danger are insufficient).

Plaintiff has thus failed to demonstrate that the exception to the three strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny plaintiff's motion to proceed in

6

forma pauperis and will dismiss this action without prejudice to plaintiff refiling a fully paid complaint.

### C.  Motion for Preliminary Injunction

Plaintiff filed a motion for preliminary injunction simultaneously with his complaint. [ECF No. 5]. In his motion for preliminary injunction plaintiff claims that he seeks an emergency injunction for two reasons. He first seeks a mandatory injunction from this Court requesting transfer to a difference Missouri Department of Corrections facility. Next, plaintiff requests an injunction from this Court requiring defendants to "suspend the time limitation required to file an IRR and give plaintiff an opportunity to properly exhaust the prison administrative remedies while his lawsuit. . .moves forward."

 "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 27 (2008). In determining whether to grant a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015). *See also Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). "None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction." *West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1222 (8th Cir. 1986).

In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

7

For an injunction to issue, "a right must be violated," and the court must determine whether "a cognizable danger of future violation exists." *Id*. at 521. Furthermore, the "danger must be more than a mere possibility." *Id*. Regarding the issue of whether a situation is ripe for injunctive relief, the Eighth Circuit has noted that courts "should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id*. Plaintiff has the burden of proving that an injunction should be issued. *See Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

Plaintiff's motion for preliminary injunctive relief fails because the substance of the motion for injunctive relief, in which he request a transfer to a different prison and the ability to suspend the exhaustion requirement, is not related to the claims in his complaint. As such, the Court cannot grant the motion. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (explaining that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"); and *Hale v. Wood*, 89 F.3d 840, 1996 WL 341206, at *1 (8th Cir. 1996) (unpublished opinion) (rejecting plaintiff's request for injunctive relief because he "failed to establish a connection between these injuries and the conduct he challenged in his complaint"). Additionally, even if plaintiff had a transfer claim in his complaint, he cannot seek such relief in an injunction motion, as there is no constitutional liberty interest in such a request. *See, e.g., Morgan v. Francis*, 2022 WL 2354950, at *4 (E.D.Mo. June 30, 2022) ("Plaintiff has no constitutional liberty interest in being transferred to a different prison facility."); *see also, Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) *citing Meachum v. Fano*, 427 U.S. 215, 224 (1976). Plaintiff's motion for preliminary injunction must be denied.

### D. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. [ECF No. 4]. The motion will be denied as moot as this action is being dismissed under the three strikes rule. *See* 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction [ECF No. 5] is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** to plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 22nd day of September, 2023.

/s/ Stephen N. Limbaugh, Jr.
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE